IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:21CV173-GCM

| | |
|---|---|
| **JAMES DULA,** | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| **KILOLO KIJAKAZI, Acting Commissioner of Social Security,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 10) and the Commissioner's Motion for Summary Judgment (Doc. No. 13). Having carefully considered the motions and reviewed the record, the Court enters the following findings, conclusions, and Order.

**I. Administrative History**

Plaintiff James Dula ("Dula") filed his application for Disability Insurance Benefits on November 6, 2018, alleging a disability onset date of June 28, 2018. After Plaintiff's claim was denied both initially and on reconsideration, he requested and was granted a hearing. The Administrative Law Judge ("the ALJ") held a hearing on March 11, 2021. On April 1, 2021, the ALJ issued an unfavorable decision.

The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision.

1

**II. Factual Background**

In her decision, the ALJ determined at the first step that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 29). At the second step, the ALJ concluded that Plaintiff has the following severe impairments: seizure disorder, epilepsy, headaches, and anxiety. *Id*. At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 31-33).

The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform work at all exertional levels except that he could have no exposure to extreme heat and cold, occasional exposure to humidity, and work in a noise environment rated as moderate or less as defined by the SCO. He could not climb ladders, ropes, or scaffolds and must have no exposure to unprotected heights and hazards, such as moving machinery parts. Dula cannot work next to open flames or bodies of water, and cannot perform tasks that require the use of sharp objects such as knives, cutting blades, or the operation of motorized equipment or vehicles. Dula could sustain attention and concentration to perform simple, repetitive tasks while working in a setting that did not require strict production quotas or a fast, steady pace. He could occasionally interact with the public but would not provide direct customer service. He could adapt to occasional changes in the work setting and duties. (Tr. 33).

Based on these limitations, the ALJ found in the fourth step that Plaintiff is precluded from performing his past relevant. (Tr. 38). Finally, at the fifth step, the ALJ concluded that the Plaintiff retained the ability to perform other work available in significant numbers in the national economy. (Tr. 39). Accordingly, the ALJ found that Plaintiff was not disabled under the Act through the date of the decision. (Tr. 40).

### III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

### IV. Discussion

On appeal, Plaintiff asserts that remand is warranted, alleging that the ALJ erred in her assessment of treating neurologist Dr. Allaboun's medical opinion. Specifically, the ALJ did not credit the limitations Dr. Allaboun found resulting from Dula's headaches, which the ALJ agreed were severe.

Because Dula filed his claim after March 2017, no specific evidentiary weight is due to a medical opinion. 20 C.F.R. § 404.1520c(a). Instead, the ALJ should consider and articulate how persuasive she finds a medical opinion. 20 C.F.R. § 404.1520c. The ALJ must articulate two factors when determining the persuasiveness of an opinion – supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). Supportability relies on the source's medical findings and supporting explanations, while consistency relies on comparing the opinion with other medical sources. 20 C.F.R. § 404.1520c(c)(1); § 404.1520c(c)(2). ALJs must show their work in determining if a Plaintiff is disabled. *Patterson v. Comm'r Soc. Sec. Admin.*, 846 F.3d 656, 662-63 (4th Cir.

3

Case 5:21-cv-00173-GCM   Document 16   Filed 07/18/22   Page 3 of 6

2017). A satisfactory explanation, "most both identify the evidence that supports [her] conclusion and build an accurate and logical bridge from the evidence to [her] conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Dr. Allaboun treated Dula since October of 2018. Between then and November 2020, when he gave his opinion on Dula's functioning, he treated Dula on thirteen separate occasions. Dr. Allaboun found that Dula's severe headaches occurred several times a week. The pain resulting from his headaches would prevent him from focusing on even one- and two-step tasks for more than twenty-five percent of the day.

The ALJ found the parts of Dr. Allaboun's opinion on exertional limitations and exposure to hazards based on Dula's documented seizure disorder to be persuasive. (Tr. 37). However, she found the rest of Dr. Allaboun's opinion unpersuasive, stating that Dr. Allaboun's opinion was inconsistent with his treatment notes and unsupported by the other evidence of record. *Id*.

In her decision, the ALJ stated the following as reasons that she found unpersuasive Dr. Allaboun's opinion regarding Dula's headaches:

> For example, although the claimant repeatedly presented for physical examination with intact motor strength and tone in the bilateral upper and lower extremities, as well as normal gait, on examination with Dr. Allaboun on October 9, 2018, January 8, 2019, May 13, 2019, and November 4, 2019, Dr. Allaboun noted that the claimant was able to follow commands during the course of the evaluation.

(Tr. 37). This sentence appears to be nonsensical and has nothing to do with headaches. The ALJ goes on to state: "Further contradicting the severity of Dr. Allaboun's limitation regarding the effects of the claimant's headaches is the fact that on July 1, 2019, the claimant reported to NP Mull that over-the-counter analgesics were effective in providing *some* reliefe [sic] in the severity of his headaches." *Id*. (emphasis added). Moreover, the ALJ explained that: "Although Dr. Allaboun subsequently prescribed Maxalt 10mg for the claimant to take, as needed, for the

4

management of this migraines, there is no indication that the claimant actually started using the medication." *Id*. The ALJ then proceeds to cite Dula's success at recent and remote memory tasks, which is irrelevant to headaches. *Id.*

The Court finds that the ALJ's reasoning for discounting Dr Allaboun's opinion as to the severity of Dula's headaches in insufficient because she failed to provide explicit and adequate reasons or clearly state the grounds for her decision. Some of her stated reasons are unclear and have no relationship to headaches.

The two explanations that do have some relevance to headaches do not provide substantial evidence for her rejection of Dr. Allaboun's opinion. Specifically, the ALJ states that Dula reported to his providers that over-the-counter analgesics were effective in providing some relief in the severity of his headaches. (Tr. 37). The treatment note referenced in the decision states that Dula reported "increasing headaches" and that the analgesics provided "some" relief. (Tr. 481). He did not express that such analgesics were effective in controlling his pain. The ALJ also stated that Dula was prescribed Maxalt but no evidence showed that he used it. (Tr. 37). There was also no evidence that he did not use it. If this were a significant issue, the ALJ should have asked Dula about his use of Maxalt during the hearing. But she did not. The ALJ's speculation on Dula's use of Maxalt is not substantial evidence.

As stated above, the ALJ must provide a satisfactory explanation which "both identif[ies] the evidence that supports [her] conclusion and build[s] an accurate and logical bridge from the evidence to [her] conclusion." *Woods*, 888 F.2d at 694. There is no such explanation here.

**V. Conclusion**

The undersigned has carefully reviewed the decision of the ALJ and Appeals Council, the transcript of the proceedings, Plaintiff's motion and briefs, the Commissioner's responsive

5

pleadings, and Plaintiff's assignments of error. Because the ALJ did not properly assess Dr. Allaboun's opinion, the case must be remanded.

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. No. 10) is **GRANTED**;

(3) Commissioner's Motion for Summary Judgment (Doc. No. 13) is **DENIED**; and

(4) the matter is hereby **REMANDED** for further consideration.

**SO ORDERED.**

Signed: July 18, 2022

Graham C. Mullen
United States District Judge